[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13471
The defendant has moved to dismiss this summary process action. In oral argument, the plaintiff stated that the defendant is a "d.b.a." Generally, an action may not be maintained by or against a trade name. Cf. Pat Gilbertie Plumbing Heating v.Holcombe, Superior Court, judicial district of Stamford/Norwalk at Stamford, No. 146007 (December 22, 1995);Solar Sheet Metal Pomazi Roofing v. Caprio, Superior Court, judicial district of Fairfield, No. 318253 (November 28, 1994); American Rental Centers v. ITT Hartford Insurancegroup. Superior Court, judicial district of Hartford/New Britain at New Britain, No. 453271 (March 17, 1993). General Statutes § 47a-23 (b) provides in relevant part: "If the owner or lessor, or his legal representative, attorney-at-law or attorney-in-fact knows of the presence of an occupant but does not know the name of such occupant, the notice for such occupant may be addressed to such occupant as `John Doe', `Jane Doe'or some other alias which reasonably characterizes the personto be served." (Emphasis added.) In his memorandum in opposition to the motion, the plaintiff states that it entered into a lease which the lessee assigned to Bhachini Corp. which "is currently doing business as Cherry Hill Package Store, the Defendant, at the premises which are the subject of this action." Thus, it cannot be said that the plaintiff "does not know the name of such occupant." For these reasons, the motion to dismiss is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court